UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

*****************************************
| | |
|---|---|
| Mary Saucedo, | * |
| Maureen P. Heard, and | * |
| Thomas Fitzpatrick, | * |
|     Plaintiffs | * |
| | * |
|     v. | *    Civil No. 17-cv-183-LM |
| | * |
| William M. Gardner, | * |
| in his official capacity as Secretary of State | * |
| of the State of New Hampshire, | * |
| and the Secretary of State's Office | * |
| of the State of New Hampshire, | * |
|     Defendants | * |
| | * |

*****************************************

**STATE'S OBJECTION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF AN EXPERT REPORT FROM DEPUTY SECRETARY DAVID SCANLAN, OR, ALTERNATIVELY, TO EXCLUDE PORTIONS OF DEPUTY SCANLAN'S PROPOSED TESTIMONY (DOCUMENT 44)**

    Defendants William M. Gardner, in his official capacity as the Secretary of State for the State of New Hampshire, and the Secretary of State's Office of the State of New Hampshire, by and through their counsel, the New Hampshire Office of the Attorney General, object to Plaintiff's Motion to Compel Production of an Expert Report From Deputy Secretary David Scanlan, Or, Alternatively, To Exclude Portions of Deputy Scanlan's Proposed Testimony (Document 44) (hereinafter "Plaintiffs' Motion"), stating as follows:

## I.    INTRODUCTION

    1.     On or about December 18, 2017, Defendants disclosed Deputy Secretary of State David Scanlan as an expert pursuant to Fed. R. Civ. P. 26(a)(2)(C). *See* Document 44-1 (Defendants' Expert Disclosure). Plaintiffs seek an order from the court requiring Defendants to produce an expert report from Deputy Scanlan or preclude him from testifying regarding a

number of topics included in Defendants' expert disclosure.  *See* Plaintiffs' Motion at 3 (Document 44).  Defendants object on the grounds that an expert report is not required under Fed. R. Civ. P. 26(a)(2)(B) because Deputy Scanlan is not retained or specially employed to provide expert testimony in this case, nor do his duties as Deputy Secretary of State involve regularly giving expert testimony.  The disclosure provided is sufficient under Fed. R. Civ. P. 26(A)(2)(C).  Moreover, as referenced in the disclosure, Defendants have additionally provided—through responses to Plaintiffs' interrogatory and document requests—statistical tables on which Deputy Scanlan will base his testimony and has identified the documents on which he will rely.

2.    On February 19, 2018, Defendants supplemented their disclosure by providing identifying the specific documents on which Mr. Scanlan will be relying, i.e. the documents provided to Plaintiffs in response to their Request for Production Numbers 2 through 6. Additionally, Defendants disclosed three additional data sets which included a breakdown of all of the reasons that absentee ballots were rejected in the 2016 election, a table that details the number of signature mismatch rejections by jurisdiction, and a table which categorizes the ballots obtained by subpoena into five separate categories. Plaintiffs were informed that Mr. Scanlan will use these tables to draw purely factual conclusions that are self-evident from the tables. For instance, the data reveal that 236 of the 318 towns/wards (74%) did not reject any absentee ballots during the 2016 election due to signature mismatch and that approximately .35% of the total number of absentee ballots returned to town clerks were rejected on the basis of signature mismatch. Based on these statistics, Plaintiffs were further informed that he will offer his opinion that signature mismatch rejections occur with relatively low frequency.

3. The parties have agreed to delay the deposition of Deputy Scanlan until March 7, 2018 in light of our supplemented disclosure. Plaintiffs, therefore, have ample opportunity to review these documents and to inquire about them at Deputy Scanlan's deposition.

**II. ARGUMENT**

4. As a party's employee whose duties do not involve regularly giving expert testimony, Deputy Scanlan is expressly exempt from the report requirement of Rule 26(a)(2)(B). Nevertheless, Plaintiffs argue that he must produce an expert report under Rule 26(a)(2)(B) because "[t]he subject matters in Deputy Scanlan's disclosure relate to this litigation and rely on analysis that appears to be undertaken in response to litigation, not in the regular course of his work." Document 44, p. 7. Plaintiffs misinterpret Rule 26(a)(2)(B).

5. "As this court has observed, while all experts must be disclosed under Rule 26(a)(2)(A), only 'retained' experts must provide Rule 26(a)(2)(B) reports." *Adams v. J. Meyers Builders, Inc.*, 671 F. Supp. 2d 262, 272 (D.N.H. 2009) (quotation marks, brackets, and citations omitted). More specifically, "Rule 26(a)(2)(B) . . . demands a report only 'if the witness is one retained or specially employed to present expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.'" *Id.* at 271 (quoting Fed. R. Civ. P. 26(a)(2)(B)). Deputy Scanlan does not fall within either of these two categories, as he is an employee of the Department of State.

6. The New Hampshire Constitution establishes the position of Deputy Secretary of State. NH Const. *See* Part II, Art. 69 ("In case of the death, removal, or inability of the secretary, his deputy shall exercise all the duties of the office of secretary of this state, until another shall be appointed.") Deputy Scanlan's primary job responsibility is to oversee the day to day

operations of all of the divisions of the secretary of state's office, including administration of elections in the State of New Hampshire. He has served in this role for the past fifteen years.

7. Plaintiffs do not cite a single case in which a party's employee was required to produce an expert report under Rule 26(a)(2)(B). The cases primarily relied on by Plaintiffs involve witnesses unrelated to the party, such as treating physicians. Where the expert witness is an employee of a party to the litigation, he or she must only produce an expert report if his or her duties "regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). Regularly providing expert testimony is not one of Deputy Scanlan's employment duties as Deputy Secretary of State. Although he has been disclosed as an expert witness on two previous occasions, and he has never actually testified as an expert witness. He is not specially retained or being specially compensated for providing this testimony. As Plaintiffs' argument that Deputy Scanlan must produce an expert report is unsupported by both the plain language of Rule 26(a)(2)(B) and the caselaw, it should be rejected by this court.

8. Finally, experts who are not specially employed to give expert testimony are not required to provide a detailed written report. Fed. R. Civ. P. 26(a)(2)(C). Instead, they must specify the subject matter on which the witness is expected to give expert testimony and "a summary of the facts and opinions to which the witness is expected to testify." *Id.* The disclosures are designed to be "considerably less extensive" than those required under Rule 26(a)(2)(B) and courts "must take care against requiring undue detail." *Id.* (advisory committee's notes to 2010 Amendments). Defendant's disclosure (ECF Doc. No 44-1) and the February 19, 2018 supplement identify the specific documents, and therefore the facts, on which Mr. Scanlan will rely and the disclosures adequately summarize the subject matters, facts, and opinions that he anticipates testifying about.

9. Pursuant to Local Rule 7.1 (a)(2), no memorandum of law is attached because all of the legal citations are set forth herein.

10. For the foregoing reasons, Plaintiff's Motion should be denied.

WHEREFORE, the State respectfully requests that the court:

A. Deny Plaintiffs' Motion to Compel Production of an Expert Report From Deputy Secretary David Scanlan, Or, Alternatively, To Exclude Portions of Deputy Scanlan's Proposed Testimony (Document 44);

B. Grant such further relief as is just and equitable.

Respectfully submitted,

WILLIAM M. GARDNER, in his official capacity as Secretary of State for the State of New Hampshire, and THE SECRETARY OF STATE'S OFFICE FOR THE STATE OF NEW HAMPSHIRE

By their attorney,

GORDON J. MACDONALD,
ATTORNEY GENERAL

Date:  February 23, 2018

/s/  Laura E. B. Lombardi
Matthew T. Broadhead, Bar No. 19808
Assistant Attorney General
Laura E. B. Lombardi, Bar No. 12821
Senior Assistant Attorney General
Anne M. Edwards, Bar No. 6826
Associate Attorney General
33 Capitol Street
Concord, NH 03301
matthew.broadhead@doj.nh.gov
anne.edwards@doj.nh.gov
laura.lombardi@doj.nh.gov
(603) 271-3650

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was sent this 23th day of February 2018, via this court's ECF system, to all counsel of record for the plaintiffs in this matter.

                              /s/ Laura E. B. Lombardi
                              Laura E. B. Lombardi, Bar No. 12821