```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

Mary Saucedo, et al.

    v.                                    Civil No. 17-cv-183-LM
                                            Opinion No. 2018 DNH 041
William Gardner, Secretary of State
of the State of New Hampshire,
in his official capacity, et al.


**O R D E R**

Plaintiffs move to compel production of an expert report for one of defendants' disclosed experts, David Scanlan. Plaintiffs argue that Scanlan is a retained expert to whom the report requirements of Federal Rule of Civil Procedure 26(a)(2)(B) apply. In the alternative, plaintiffs assert that the disclosure provided by defendants does not meet the requirements of Rule 26(a)(2)(C). Defendants object. For the following reasons, plaintiffs' motion is denied.

As an initial matter, the court notes that its order is limited to addressing whether defendants' disclosure of Scanlan is consistent with Rule 26; at this time, the court declines to address the other issues that plaintiffs discuss in the course of their motion.[1]

---

[1] For example, plaintiffs suggest that Scanlan may not be qualified to opine on certain topics and that his dual role as an expert and party representative may lead to certain problems.

"Under Rule 26(a)(2)(A), a party must disclose the identity of any witness it may use at trial to present expert testimony or evidence." In re Prograf Antitrust Litig., No. 1:11-md-02242-RWZ, 2014 WL 4745954, at *4 (D. Mass. June 10, 2014). For purposes of expert reports, Rule 26 "divides expert witnesses into two categories." Id. In the first category is any expert who is "retained or specially employed to provide expert testimony in the case or [] whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). "[A] detailed written report must accompany the disclosure" of such an expert. In re Prograf Antitrust Litig., 2014 WL 4745954, at *4; see Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi) (listing report requirements). For any expert not falling into the first category, the party need only provide a disclosure describing "the subject matter of the witness's testimony and a summary of the facts and opinions to which the witness is expected to testify." In re Prograf Antitrust Litig., 2014 WL 4745954, at *4; see Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii).

Thus, Rule 26(a)(2)(B) "covers two types of experts: (i) 'retained or specially employed' experts who meet certain criteria and (ii) employees of a party who meet certain criteria." Downey v. Bob's Discount Furniture Holdings, Inc., 633 F.3d 1, 6 (1st Cir. 2011). The First Circuit has held that a "retained or specially employed" expert is one who "without

2

prior knowledge of the facts giving rise to litigation is recruited to provide expert opinion testimony." Id. This is in contrast to a "percipient witness who happens to be an expert"—that is, an expert whose "opinion testimony arises not from his enlistment as an expert but, rather, from his ground-level involvement in the events giving rise to the litigation." Id. A treating physician is the prototypical expert who is exempt from the stringent report requirements. Id.

In this case, the court concludes that Scanlan is not an expert subject to the report requirements of Rule 26(a)(2)(B). Scanlan is the Deputy Secretary of State, and has been for fifteen years. He oversees the day-to-day administration of the Secretary of State's office, including election operations. Defendants state that Scanlan has been disclosed as an expert witness on two previous occasions, but has never actually testified as an expert. Therefore, Scanlan is not an employee whose duties regularly involve giving expert testimony. See Fed. R. Civ. P. 26(a)(2)(B).

Nor does Scanlan appear to come within the scope of a "retained or specially employed" expert.² Id. Indeed, Scanlan's

---

² It is questionable whether an employee who does not regularly testify can ever be deemed to be a "retained or specially employed" expert for purposes of Rule 26(a)(2)(B). There are divergent views on the matter. See Marine Polymer Techs., Inc. v. HenCon, Inc., No. 06-cv-100-JD, 2010 WL 1292303, at *1 (D.N.H. Mar. 30, 2010) ("In this district, the report

3

expected testimony appears to be largely factual. He intends to explain the duties that moderators perform on election day, how RSA 659:50 has been interpreted and implemented by the State, and how the State oversees and trains moderators. Defendants also intend to have Scanlan testify about the historical rates of rejection for absentee ballots.

To be sure, defendants also intend to have Scanlan testify to matters that may go beyond the merely factual. For example, Scanlan will testify to "the purpose and history behind the State's adoption of RSA 659:50" and "the extent to which the rejections of the 2016 absentee ballots obtained in connection with Plaintiffs' subpoenas . . . were consistent with the law and the State's training on the topic." Doc. no. 44-1 at 2-3. Further, Scanlan will opine that RSA 659:50 "is being consistently (and not arbitrarily) applied in towns across the State" and "is an efficient and effective means of protecting legitimate state interests." Id. at 3.

Nevertheless, as the court reads defendants' expert disclosure, Scanlan's opinions appear to be grounded in, and couched in terms of, his personal knowledge of the State's

---

requirement under Rule 26(a)(2)(B) is applied only to experts who are specially retained or who provide expert testimony as a regular requirement of their employment."); Greenhaw v. City of Cedar Rapids, Iowa, 255 F.R.D. 484, 487 (N.D. Iowa Feb. 17, 2009) (collecting cases). Given the court's disposition, the court need not address the issue.

interpretation and implementation of RSA 659:50.  See Downey, 633 F.3d at 7.  He does not come to the litigation as a "stranger," drawing his opinion from an independent methodology and "facts supplied by others," but as a longtime participant in the State's practices with respect to the statute.  Id.  He is thus not a retained expert, even if some of his ultimate opinions relate to matters that arose from this litigation.  See id. (stating that an expert need not provide a report under Rule 26(a)(2)(B) where his opinion "about causation is premised on personal knowledge and observations made in the course of treatment"); see also Advisory Committee Notes on 2010 Amendment to Fed. R. Civ. P. 26 ("Frequent examples [of experts not required to provide reports] include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony." (emphasis added)).

Accordingly, to the extent Scanlan's expected testimony can be considered expert opinion, defendants were only required to provide a disclosure stating the subject matter of his testimony and a summary of the facts and opinions to which he is expected to testify.  In re Prograf Antitrust Litig., 2014 WL 4745954, at *4.  In assessing whether a disclosure is sufficient, the court is mindful that it must balance competing interests.  On the one hand, the Advisory Committee notes to Rule 26(a)(2)(C) emphasize that "[t]his disclosure is considerably less extensive than the

report required by Rule 26(a)(2)(B)," and that "[c]ourts must take care against requiring undue detail."  Advisory Committee Notes on 2010 Amendment to Fed. R. Civ. P. 26.  On the other hand, a generic, conclusory, or otherwise inadequate disclosure does not serve its purposes—to increase efficiency and reduce unfair surprise.  See Emerson Elec. Co. v. Suzhou Cleva Elec. Appliance Co., Ltd., No. 4:13CV1043SPM, 2015 WL 8770712, at *2 (E.D. Mo. Dec. 15, 2015); Cooke v. Town of Colorado City, No. CV 10-08105, 2013 WL 551508, at *4 (D. Ariz. Feb. 13, 2013) (stating that the purpose of disclosure is "to allow the party . . . [to] immediately be able to identify whether it needs a responsive witness and the information that such responsive witness would need to address").

    The court finds defendants' disclosure to be adequate under Rule 26(a)(2)(C).  In the disclosure, defendants identify the overall subject matter of Scanlan's testimony ("elections administration").  Doc. no. 44-1 at 2.  The disclosure also lists Scanlan's opinions, along with the specific factual topics about which he will testify.  The disclosure provides more than mere "generic, high-level references to the subject matter of the entire case."  Emerson Elec. Co., 2015 WL 8770712, at *2.  Defendants also state that they have supplemented their disclosure by providing the documents and statistical data on

which Scanlan intends to rely.[3]  See Owens-Hart v. Howard Univ., 317 F.R.D. 1, 4 (D.D.C. 2016) (finding 26(a)(2)(C) disclosure of treating physician sufficient, where party supplemented written disclosure with specific medical records that provided factual details regarding physician's diagnosis and treatment).  Thus, the disclosure appears to reasonably apprise plaintiffs of Scanlan's expected testimony and reduce the risk of unfair surprise.  Consistent with the Advisory Committee notes, the court declines to impose any more extensive burden on defendants.

## CONCLUSION

For the reasons stated herein, plaintiffs' motion (doc. no. 44) is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

March 3, 2018

cc: Counsel of Record

---

[3] Plaintiffs filed no response regarding the adequacy of these new supplemental disclosures.